**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JIMMY LEE DOUGLAS, JR.                                                                            PLAINTIFF
ADC #114513

v.                                         5:16CV00331-JJV

ROSEMARY WHITE, Sergeant,
Dub Brassell Detention Center; *et al.*                                                       DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Jimmy Lee Douglas, Jr. ("Plaintiff") brings this action alleging that Defendants used excessive force against him and were deliberately indifferent to his serious medical needs. (Doc. No. 2.) Defendants have now filed a Motion for Partial Summary Judgment seeking dismissal of Mr. Douglas's medical claims. (Doc. No. 36.) Defendants concede, however, that there is a dispute of material issues of fact regarding Plaintiff's excessive force claim. (*Id.*)

Mr. Douglas has responded (Doc. No. 39) and Defendants replied. (Doc. No. 40.) Therefore, the matter is ripe for a decision. After careful consideration of the pleadings, for the following reasons, I find Defendants' Motion for Partial Summary Judgment should be GRANTED.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Mr. Douglas was incarcerated at the W.C. "Dub" Brassell Detention Center on July 6, 2016.  (Doc. No. 37-1.)  Mr. Douglas says he has Type 2 Diabetes and sarcoidosis (Doc. No. 2 at 6), but on the Booking Observation Questions only diabetes was reported.  (Doc. No. 37-1.)

He says he was initially located in a pod whereby he "barely got movement [which] caused [his] joints to lock up from the sarcoidosis.  (Doc. No. 2 at 6.)  A nurse at the jail informed jailers of his need for more movement, but he was placed in "a lockdown pod" and "totally ignored [Plaintiff's] situation and needs."  (*Id.*)  In his new pod, that he says was for "fighters, rule breakers, [and] people who have problems with normal inmates" (*id.*), he was involved in an

incident leading to the alleged excessive use of force.  (*Id.* at 6-8.)  And Plaintiff says, "Ever since the incident I have not been taken out [of] the cell to check my blood sugar.  I've only been out a couple [of] times to check it."  (*Id*. at 8.)  He says the jailers are "fully aware of [his] sugar situations so it's no excuse for [Plaintiff] not to have [been] checking [his] sugar 4 times a day."  (*Id.*)  Mr. Douglas fears for his life and worries about going into a coma.  (*Id.*)

### A.   Official Capacity

After reviewing Plaintiff's Complaint, I find his official capacity claims fail as a matter of law.  (Doc. No. 27 at 6-7.)  In *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents.  Instead, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom.  *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).  A "policy" is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999).  To establish a custom, a plaintiff must prove the existence of a continuing pattern of unconstitutional misconduct, not a single act. *Marksmeier v. Davie*, 622 F.3d 896, 902-903 (8th Cir. 2010).  Nothing in Plaintiff's Complaint suggests there was a custom or policy that led to any of the alleged events.  Accordingly, Plaintiff's Complaint simply fails to support a claim of official capacity liability and his official capacity claims are dismissed.

### B.   Individual Capacity/Deliberate Indifference

After carefully reviewing the pleadings in this matter, I find no deliberate indifference on the part of Defendants.  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Here, there is no dispute that Plaintiff was regularly seen by jail staff and provided treatment as necessary. Upon being booked into the jail, on July 6, 2016, officials communicated with Mr. Douglas's health provider to determine "how many unit[s] of Humalog insulin Mr. Jimmy Douglas [] receives." (Doc. No. 37-2.) The next day, medical staff ordered that Mr. Douglas received "100 units [of Humalog] under skin daily." (Doc. No. 37-3.) Mr. Douglas received a medical assessment on July 21, 2016. (Doc. No. 37-5.) He was seen fairly regularly – except when he refused to be seen. (Doc. No. 37-4.)

Documents show that on July 26, 2016, Mr. Douglas made a medical request to be placed in a pod where he could exercise - as alleged in his Complaint - but the record says, "No respond [sic] when called for." (Doc. No. 37-6.) He made a second request on August 17, 2016, and it appears jailers were working to move him because the medical request states his name was "added to the list." (Doc. No. 37-7.)

With regard to his blood sugar checks, Lanetra Evans, Director of Nursing at the jail provided an affidavit stating, "Mr. Douglas did not always choose to have his blood sugar checked as seen on the blood sugar logs." (Doc. No. 37-9 at 2.) The attached Blood Sugar Log supports Nurse Evans's statement. (*Id.* at 4-8.)

Given the medical records from Plaintiff's incarceration at the jail, I find no viable claim of deliberate indifference to Mr. Douglas's serious medical needs. I have also carefully reviewed Plaintiff's Response and find it unavailing. In the face of medical records indicating that treatment was provided, a plaintiff may not create a question of fact simply by alleging that he did not feel that the treatment was adequate. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997). Furthermore, Plaintiff has not provided any evidence that he suffered any injury as a result of the denial of a blood sugar check or insulin.

Plaintiff obviously feels wronged by the level of care received while incarcerated at the jail. But nothing about his care or lack thereof amounted to constitutional deliberate indifference. Even if jailers were negligent, negligence, even gross negligence, does not give rise to a viable claim of deliberate indifference. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Based on the foregoing, I find no deliberate indifference on the part of any Defendants. Therefore, Defendants' Motion for Partial Summary Judgment should be granted and Mr. Douglas's claims of deliberate indifference to his serious medical needs should be dismissed.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.   Defendants' Motion for Partial Summary Judgment (Doc. No. 36) is GRANTED and Plaintiff's claims of deliberate indifference to his serious medical needs are DISMISSED.

2.   Plaintiff's excessive force claims will be set for trial by separate scheduling order.

3.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 29th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE